## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **GARRETT DAVIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:25-cv-199-TES-CHW** |
| | : | |
| **DOOLY STATE PRISON,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER</u>

Pending before the Court is a Complaint filed by *pro se* Plaintiff Garrett Davis, a prisoner currently confined in the Snith State Prison in Glennville, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, but he is **ORDERED** to (1) pay an initial partial filing fee or file a renewed motion for leave to proceed IFP and (2) recast his Complaint as directed below within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims.

## MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). A review of Plaintiff's submissions demonstrates that Plaintiff is presently unable to pay the cost of commencing this action. Plaintiff's motion to proceed IFP (ECF No. 2) is therefore **GRANTED.** Even if a prisoner

is allowed to proceed IFP, however, he must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account.   When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.   28 U.S.C. § 1915(b)(1).   A review of Plaintiff's prison trust fund account statement shows he had average monthly deposits of $52.00 to his account in the six months prior to the filing of his Complaint.   ECF No. 7 at 1.   Twenty percent of $52.00 is $10.40.   Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $10.40.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.   It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I.    Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the

preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations on Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody.   Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.   If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay a partial filing fee of $10.40.   If circumstances have changed and Plaintiff cannot pay the initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to

proceed *in forma pauperis*, accompanied by an updated prison trust fund account statement covering the most recent six months, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBILITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller*

4

*v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).  On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (citations omitted).  A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.  *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (citations omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in

support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.    Factual Allegations and Plaintiff's Claims

Plaintiff's allegations in this case arise from his incarceration in the Dooly State Prison. ECF No. 1 at 5. Plaintiff contends that he had "something lodged in [his] right ear" and "put in . . . over 12 sick call medical request[s] to be seen for" this issue, to no avail. *Id.* Plaintiff names the Dooly State Prison as the only Defendant in this action, and he seeks monetary damages as a result of the constitutional violations he alleges. *Id.* at 4,

Plaintiff's allegations that he has been deprived of adequate medical care could give rise to Eighth Amendment claims. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To state an Eighth Amendment claim in this context, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A "serious medical need" is defined as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks

and citation omitted).    A serious medical need can also arise if "a delay in treating the need worsens the condition."    *Mann,* 588 F.3d at 1307.    "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'"    *Id.* (quoting *Farrow*, 320 F.3d at 1243).    The standard for deliberate indifference in a medical treatment case is the same as that for a conditions-of-confinement case.    Thus, a plaintiff must plausibly allege facts showing each prison official's subjective awareness of a risk of serious harm, that the prison official disregarded that risk, and that the prison official "acted with 'subjective recklessness as used in the criminal law.'"    *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 411 U.S. at 839).

The only named Defendant in this case is the Dooly State Prison, which is not an entity capable of being sued in a § 1983 case.    *See, e.g., Allen v. Brown,* No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) (noting that "federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").    Plaintiff's claims against the prison itself, as pleaded, are therefore subject to dismissal.    The nature of Plaintiff's injury is also not clear from the Complaint.    For example, Plaintiff does not describe the symptoms he experienced or explain how long they lasted.

Because Plaintiff is acting *pro se*, the Court will give him an opportunity to amend or supplement his pleading to address these deficiencies.    *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff

an opportunity to amend his complaint instead of dismissing it.").   Plaintiff is therefore

**ORDERED** to amend his Complaint by recasting it on the Court's standard form within

**FOURTEEN (14) DAYS** of the date of this Order.

The recast complaint must contain a caption that clearly identifies, by name, each

individual or entity that Plaintiff has a claim against and wishes to include as a defendant

in this action.   Plaintiff is to name only the individuals associated with the claim or related

claims that he is pursuing in this action.   Plaintiff must then tell the Court exactly how that

individual violated his constitutional or federal statutory rights.   To that end, it is

recommended that, when drafting his statement of claims on the Court's form, Plaintiff

answer the following questions as to each defendant:

(1)      *What* did this defendant do (or not do) to violate your rights?   In other words:
         What was the extent of this defendant's role in the unconstitutional conduct
         other than being in a supervisory role?[1]   Was the defendant personally

---

[1] Supervisory prison officials cannot be responsible for the actions of their subordinates
unless the prisoner can establish a causal connection between the prison official's action
and the subordinate's conduct.  *Christmas v. Nabors*, 76 F.4th 1320, 1330 (11th Cir.
2023).   This causal connection can be established if

> (1) "a history of widespread abuse puts the responsible supervisor on
> notice of the need to correct the alleged deprivation and he fail[ed] to do
> so"; (2) "the supervisor's improper custom or policy le[d] to deliberate
> indifference to constitutional rights"; or (3) "facts support an inference
> that the supervisor directed the subordinates to act unlawfully or knew
> that the subordinates would act unlawfully and failed to stop them from
> doing so."

*Hendrix v Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (alterations in original) (quoting
*Douglas*, 535 F.3d at 1322).   If Plaintiff seeks to hold any individuals liable in their
supervisory capacities only, he must therefore plead facts sufficient to establish this causal
connection.

involved in the constitutional violation?  If not, did his actions otherwise cause the unconstitutional action?  How do you know?

(2)    *When* and *where* did each action occur (to the extent memory allows)?

(3)    *How* were you injured as a result of this defendant's actions or decisions?  If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)    *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)    *What* did this defendant do (or not do) in response to this knowledge?

(6)    *What* relief do you seek from this defendant?

Plaintiff must complete the entire complaint form, and the recast complaint **shall take the place of and supersede all allegations made in the original pleading**.  The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form.  Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.  As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. The Clerk is **DIRECTED** to mail Plaintiff a copy of the Court's standard § 1983 form, marked with the case number of this case, that Plaintiff should use to recast his Complaint.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed IFP (ECF No. 2) is **GRANTED**, and he is **ORDERED** to (1) pay an initial partial filing fee of $10.40 or submit a renewed motion for leave to proceed IFP explaining his present inability to pay

and (2) recast his Complaint as explained above within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims.  **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.**  Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address.   There shall be no service of process in this case until further order of the Court.

    **SO ORDERED**, this 11th day of July, 2025.

                                    s/ Charles H. Weigle
                                    Charles H. Weigle
                                    United States Magistrate Judge